### ·MARTIN v. MELTON.

(Supreme Court, Appellate Term, First Department.   December 24, 1914.)

JUDGMENT (§ 533*)—CONSTRUCTION—ISSUES—PLEADINGS.

Where the first cause of action in a complaint for the breach of a contract for the sale of material to plaintiff, recited that the plaintiff had given a check for the amount, but claimed no damages on that amount, while the second cause of action asked damages for the amount of the check, and the second cause of action was withdrawn, the judgment for plaintiff did not embrace the amount of the check, and did not authorize recovery thereon by the assignee of the payee, who had knowledge of the failure of the consideration when he took the check.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 978, 983; Dec. Dig. § 533.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Arthur R. Martin against Samuel Melton. ˙Judgment for the plaintiff,˙ and defendant appeals. . Reversed, and complaint dismissed. ·

Argued December term, 1914, before GUY, BIJUR, and PAGE, JJ.

Slade & Slade, of New York City (Maxwell Slade, of New York City, of counsel), for appellant.

Parker V Lawrence, of New York City (Malcolm R. Lawrence, of New York City, of counsel), for respondent.

GUY, J.   This action was brought to recover upon a check made by the defendant to one Bruder, and by him assigned to the plaintiff herein several months after the check was drawn.   The defense was, substantially, want ˙of consideration.   Upon the trial it was conceded that the plaintiff's assignor entered into a contract with the Melton House Wrecking Company and S. Melton & Son, of which the defendant was a member, by which Bruder sold to said company and Melton & Son certain material upon a lot in West 100th street, which material was to be removed by said company ·and Melton & Son; that the check in question was given by the defendant as part payment of said material; that plaintiff's assignor failed to allow said company and Melton & Son to remove said material, and prevented them from carrying that contract into effect, but sold the material to another party; and that plaintiff had full knowledge of the facts prior to his having obtained the check in question from his assignor.

It was also conceded that the check in question was given only in consideration that the defendant and his firm would receive the material purchased from plaintiff's assignor, and the defendant testified that this was the fact.   To avoid this defense the plaintiff offered ˉin evidence the judgment roll in an action in the City Court, wherein one Louis H. Melton was plaintiff and plaintiff's assignor was defendant.   It appears that in such action the plaintiff sued as assignee of the Melton House Wrecking Company and S. Melton & Son for damages for breach of the same contract in which the check in question was given, and recovered judgment for $200, and the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

plaintiff herein claims that the judgment in the City Court action embraced, as one of plaintiff's elements of damage, this check in suit, and that, therefore, the judgment obtained in the City Court having concededly been paid, the plaintiff, as assignee of Bruder, can now recover the amount of such check. The judgment roll in the City Court action in evidence contains the pleadings and the judgment entered.

The complaint sets up two causes of action. In the first cause of action it sets forth the making of the contract between the House Wrecking Company and S. Melton & Son and Bruder, alleges a readiness and ability to perform on the part of the company and Melton & Son, the payment of $100 towards the purchase of the material, the breach of the contract by Bruder, and claims damages to the amount of $620.50. The second cause of action reiterates the first cause of action, and sets up the giving of the $100 check, avers that it has never been returned, a demand upon Bruder for repayment of the amount, a refusal by him to repay, and an allegation that said $100 is now due from defendant. The complaint asks judgment for $720.50. It will therefore be seen that, although the first cause of action refers to the $100 paid upon the contract by this defendant for and on behalf of the Wrecking Company and Melton & Son, such reference is made merely as a part of the history of the transaction between the parties, and is not set up therein as an element of damage for breach of the contract. The second cause of action, however, is based wholly upon the giving of this check and is the only damage claimed in that paragraph of the complaint. The judgment obtained in the City Court, introduced in evidence by the plaintiff, states:

"The plaintiff having withdrawn the second cause of action alleged in the complaint, and the second cause of action not having been submitted to the jury, but was withdrawn from the jury's consideration," etc.

This recital shows conclusively that the payment by this defendant of the $100, evidenced by the check, the subject of the present action, was not passed upon or considered by the jury in the City Court action, and that the plaintiff's claim as to that is without merit. This effectually disposes of his right to recover upon the check.

Judgment reversed, with costs, and complaint dismissed, with costs. All concur.